■ HUGH BEGLEY, JR., Respondent, v. RUTH BEGLEY, Appellant.— In an action by the plaintiff husband for a separation, in which the defendant wife counterclaimed for the same relief, the wife appeals from a judgment of the Supreme Court, Kings County, entered July 22, 1960, after a nonjury trial, which: (a) granted the husband a separation by reason of her cruel and inhuman treatment, (b) dismissed her counterclaim for separation by reason of his cruel and inhuman treatment, and (c) awarded to the husband the custody of the issue of the parties, with certain visitation rights to the wife. Judgment modified upon

the law and the facts by striking out the second decretal paragraph which awards custody of the infant children to the plaintiff father, and by substituting therefor: (1) a paragraph directing that the children shall remain in the custody of the defendant mother; (2) a paragraph granting to the father such visitation rights with respect to the children as the parties may mutually fix, and, in the event they are unable to agree, granting him such visitation rights as the Special Term shall fix upon application; and (3) a paragraph directing the father to furnish such support for the children as the parties may mutually fix and, in the event they are unable to agree, directing him to furnish such support for the children as the Special Term shall fix upon application. As so modified, the judgment is affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. Basically, this is a contest between the parties for the custody of their three very young children, who at the time of the trial ranged in age from one to four years. There is no charge concerning the mother's fitness. The learned Justice at Special Term granted custody of these infants to the father because the mother refuses to fulfill her antenuptial promise to rear the children in the Catholic religion. The court's inquiry must be directed toward determining what is best for the children. In our opinion, the welfare of such very young children will be better served by allowing them to remain with their mother. In reaching this decision we do not pass upon the enforcibility of the prenuptial agreement. That question may be presented at a later time when the children shall have reached an age which makes them less dependent upon mother-care and which gives them sufficient maturity to receive religious instruction. No question having been raised on this appeal with respect to the sufficiency of the evidence to support a judgment of separation on the ground of cruel and inhuman treatment, we do not pass upon that aspect of the case. However, the finding in favor of the plaintiff husband on the defendant wife's counterclaim is sustained by the record. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.